DECUIR, Judge.
This case arises out of a controversy in connection with the selection of an assistant principal at DeRidder Junior High School.
Plaintiffs, Jimmy E. Shirley, a member of the Beauregard Parish School Board, Hilda Freeney, Theresia Hughell, and Melinda Tomas, voters and taxpayers of Beauregard Parish, filed a Petition for Temporary Restraining Order, Injunction, and Declaratory Judgment, adverse to the Beauregard Parish School Board on August 2, 1991, alleging that a meeting of the School Board’s “personnel committee” held on June 20, 1991, as well as a regular session meeting of the Board on July 15, 1991, were in violation of Louisiana’s Open Meeting, law, LSA-R.S. 42:4.1, et seq. Plaintiffs requested a temporary restraining order and subsequently preliminary and permanent injunctions prohibiting the defendant Board from entering into any contract for the assistant principalship based upon any alleged official acts taken by the Board at the June 20 and July 15, 1991, meetings. Plaintiffs also requested a permanent injunction prohibiting the Board from utilizing its policy of personnel selection and requested a declaratory judgment declaring that said policy was in violation of LSA-R.S. 42:4.1, et seq. Plaintiffs further prayed for attorney’s fees pursuant to LSA-R.S. 42:11(C).
A temporary restraining order was originally issued on August 2, 1991, prohibiting the Board from entering into any contract with any individual for the assistant princi-palship and further restraining the defendant from utilizing its current personnel selection policy. The temporary restraining order was thereafter extended on August 12, 1991, and continued in force through September 10, 1991.
After a hearing on September 10, 1991, reasons for judgment were issued and judgment rendered granting a preliminary injunction enjoining the defendant Board *19 from utilizing its personnel selection policy and further denying plaintiffs request for a preliminary injunction enjoining defendant from filling the assistant principalship position. The trial judge in reasons for judgment ruled that both the June 20 and July 15, 1991 meetings were invalid, but ratified by a valid meeting of the board on August 12, 1991.
After a trial on the merits on December 18, 1991, reasons for judgment were issued and judgment rendered declaring the June 20, 1991, meeting violated the Open Meeting law and that the actions taken therein were void; granting a permanent injunction prohibiting defendant’s future use of its personnel selection policy for the reason that it was in violation of the Open Meeting law; decreeing that plaintiffs’ request for declaratory judgment in regard to the July 15, 1991, meeting as being in violation of the Open Meeting law is rendered moot by virtue of the Board’s valid meeting of August 12 and 19, 1991. The trial court also awarded attorney’s fees in the amount of $3,475.00 to plaintiffs pursuant to LSA-R.S. 42:11(0). Beauregard Parish School Board appeals the judgment of the trial court.
FACTS
On June 20, 1991, three candidates for the assistant principalship at DeRidder Junior High School, Stan Levy, Charles Nichols and Debra Smith, were interviewed by the defendant Board pursuant to a longstanding personnel selection policy. The entire membership of the Board was present. The candidates were interviewed and then ranked in order of preference by each Board member on paper without identifying themselves. The rankings were then submitted to the School Board Superintendent, Dr. Gary Brewer, for his use in making recommendations to the Board at its next regular board meeting on July 15, 1991. There was no notice to the public of the June 20, 1991 meeting, nor was an agenda posted or minutes taken. The validity of the June 20, 1991 meeting is not at issue on appeal and defendant conceded as much prior to trial and in brief on appeal. After tallying, the candidates were ranked as follows: (1) Charles Nichols — first; (2) Stan Levy — second; and (3) Debra Smith— third.
Dr. Brewer did not follow the Board’s rankings at the July 15, 1991 meeting, but recommended Stan Levy for the assistant principalship. When the Board rejected Mr. Levy, Dr. Brewer recommended Charles Nichols, who was also rejected by the Board. Dr. Brewer then recommended Debra Smith who was ultimately selected to fill the assistant principalship position.
The plaintiffs, all supporters of Stan Levy for the assistant principal position, thereafter filed suit on August 2,1991. On August, 12, 1991, the Board met and ratified all actions taken at the July 15, 1991 meeting and in particular Debra Smith’s selection for the position of assistant principal of DeRidder Junior High School.
The issue presented before this court is the validity of the meeting of July 15,1991. We reverse the trial court ruling in this respect and hold that the meeting of July 15, 1991, was not in violation of LSA-R.S. 42:4.1 for the following reasons.
VALIDITY OF JULY 15, 1991 MEETING
Public notice of the meeting of July 15,1991 was given in the Beauregard Daily News on July 14, 1991. The agenda of the meeting was published as Item No. 8 as follows:
8. To hear recommendations for assistant principal position at DeRidder Junior High School.
The meeting was held at the DeRidder High School Cafeteria in order to accommodate the large crowd anticipated for the meeting. Notice of the date, place and agenda was also published in the Board’s official journal and posted at entrances to DeRidder High School and the School Board Office.
The only defect the trial court found in the July 15, 1991 meeting procedure is the notice to the public of the substantive item on the agenda. The court found the wording of the agenda failed to give proper notice to the public of the substance of the meeting. The trial court suggested in rea *20 sons for judgment that this “defect” would have been cured if the agenda had read “to hear recommendation to fill vacancy of Assistant Principal position at DeRidder Junior High School and to act thereon.” The record reveals that the public was well aware of the substance of the agenda for the meeting of July 15, 1991. The meeting was held at the local high school in order to accommodate the anticipated large crowd and to allow for public participation. All plaintiffs attended the meeting and were provided an opportunity to participate. The evidence reflects that approximately 400 people attended the meeting. Based upon the record, the public was made aware of the substance of the meeting. We find that the notice of the agenda for the meeting of July 15, 1991, was reasonable and not in violation of the Open Meeting law. Therefore, we reverse the trial court’s ruling and hold that the meeting of July 15, 1991, was not in violation of LSA-R.S. 42:4.1 et seq.
Defendant contends that the trial court erred in permanently enjoining the use of the personnel selection policy utilized at the June 20, 1991 meeting, due to the fact that the policy was no longer in force at the time of trial. We find no error on the part of the trial court in this ruling to insure that the Open Meeting law is complied with in the future.
ATTORNEY’S FEES
The remaining issue is the trial court’s award of attorney’s fees. LSA-R.S. 42:11C provides:
If a person who brings an enforcement proceeding prevails, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may award him reasonable attorney fees or an appropriate portion thereof.
The above statute distinguishes between a party who prevails in full and one who prevails in part. Since we conclude that the trial court was not in error in permanently enjoining the use of the personnel selection policy utilized at the June 20, 1991 meeting, but was in error in ruling that the July 15, 1991 meeting is in violation of LSA-R.S. 42:4.1 et seq., we find that the trial court’s award of attorney’s fees is excessive. Accordingly, we reduce the trial court award by approximately one-half (V2) and assess reasonable attorney’s fees in the amount of $1,700.00 against the defendant. The trial court judgment is amended accordingly.
Cost at the trial level and on appeal are assessed one half (V2) to plaintiff and one half (½) to defendant.
REVERSED IN PART, AFFIRMED IN PART, AND AMENDED.