|2FOGG, Judge.
Plaintiffs, a homeowners’ association and its chairman, appeal from the trial court judgment sustaining an “Exception of Mootness” filed by defendants, a public agency and its board of commissioners, and dismiss *109 ing plaintiffs’ Petition for Relief under Louisiana’s Open Meeting Law. In the trial court, plaintiffs sought: a declaratory judgment declaring agency actions void; an injunction requiring the agency to comply with the public notice requirements of said law; and, reasonable attorney’s fees, costs and expenses pursuant to LSA-R.S. 42:11(C).
Defendants, the Louisiana Housing Finance Agency and its Board of Commissioners (hereinafter, collectively, “LHFA”), are responsible for the administration of the State of Louisiana’s portion of a- federal program which allocates federal income tax credits to developers of affordable housing. Plaintiffs are: the Organization of United Taxpayers and Civic Associations of Southeast Baton Rouge, Inc., a homeowners’ asso-' eiation, and Locke Meredith, the association’s chairman (hereinafter, collectively, “OUT”), who seek to block construction of an “affordable housing development.” At issue in this litigation is the extension of tax credits allocated to the developer of the affordable housing project known as the St. Jean Apartment Development which is located in the vicinity of OUT members’ homes.
The St. Jean Apartment Development is the project of three limited partnerships, the general partner of which is Affordable Housing Developers, Inc. (hereinafter, collectively, “Developer”). The tax credits allowed the Developer were to expire on December 31, 1995, since the buildings had not been placed in service by completion of the construction. At 2:16 p.m., on December 12, 1995, LHFA received a letter wherein a formal written request was made for an extension of tax credits by the Developer. This request was purportedly made pursuant to LHFA’s previously adopted “Recommended Process” policy, which provides for an automatic extension of tax credits to a developer of affordable housing once the developer notifies LHFA that a Fair Housing Complaint has been filed with the U.S. Department of Housing and Urban Development |3(“HUD”), and, that HUD has decided to begin a formal review of the complaint to determine if there exists “reasonable cause” to proceed.[1] Attached to the request for an extension at issue herein was a letter from HUD to the Developer which stated that HUD had investigated the complaint and had forwarded it to the U.S. Department of Justice for review. During LHFA’s 3:00 p.m. meeting on December 13, 1995, a resolution was passed that LHFA activate the “Recommended Process” policy in regards to the request for an extension on the St. Jean Development extending tax credits for a maximum of two years.
OUT filed a Petition for Relief under Louisiana’s Open Meeting Law on February 9, 1996, alleging that LHFA had failed to give adequate notice of its intent to address the extension of the St. Jean Development tax credits at its December 13, 1995, meeting. OUT sought a declaration of nullity regarding the extension of the St. Jean Development tax credits, an injunction requiring notice to the public and plaintiffs with regard to all future meetings involving the St. Jean Development project, and, an award of reasonable attorney’s fees and costs. Subsequent to the filing of OUT’s suit, LHFA passed a resolution at a meeting on March 13, 1996, which ratified and confirmed its actions on December 13, 1996, regarding the St. Jean Development tax credits. The parties do not contest that there was compliance with the Open Meeting Law for LHFA’s March 13,1996, meeting.
Thereafter, LHFA filed an “Exception of Mootness” arguing that its Resolution at the December 13,1995, meeting was not in violation of Louisiana’s Open Meeting Law; and alternatively, the issue was rendered moot by the LHFA’s ratification and confirmation of said action at the March 13, 1996, meeting. The trial court granted LHFA’s exception of mootness and dismissed UOUT’s action for injunctive and declaratory relief. At a sub *110 sequent hearing, the trial court further denied OUT’s demand for reasonable attorney’s fees and costs. OUT brings this appeal claiming that the trial court erred in: (1) finding the extension of the tax credits was automatic; (2) finding the December notice was adequate and the resolution valid; (3) finding the attempted LHPA extension of the tax credit deadline valid; and (4) failing to award OUT attorney’s fees.
Louisiana’s Open Meeting Law requires every meeting of any public body to be open to the public unless closed pursuant to LSA-R.S. 42:6 through' 42:6.2. LSA-R.S. 42:5. Notice of a public meeting is required by LSA-R.S. 42:7(A)(l)(b) which provides as follows:
(i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting.
(ii) Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda.
The notice is required by LSA-R.S. 42:7(A)(2) to include, but need not be limited to:
(a) Posting a copy of the notice at the principal office of the public body holding the meeting, or if no such office exists, at the building in which the meeting is to be held; or by publication of the notice in an official journal of the public body no less than twenty-four hours before the meeting.
(b) Mailing a copy of the notice to any member of the news media who requests notice of such meetings; any such member of the news media shall be given notice of all meetings in the same manner as is given to members of the public body.
The trial court found that the notice given by LHFA was adequate and no violation of the Open Meeting Law occurred. LHFA’s assertion that notice was published is uneontroverted. OUT does not assert that LHFA failed to post or publish a notice twenty-four hours before the December 13, 1995, meeting pursuant to LSA-R.S. 42.7(A)(2). Instead, OUT contends that Locke Meredith, individually and as its chairman, did not personally receive written notice at least twenty-four hours prior to the meeting. No requirement for such a personal notice appears in RLSA-R.S. 42:7(A)(1) other than the mailing of notice to a member of the news media, who has requested notice of such meetings. No evidence indicating Locke Meredith is a member of the news media was presented to the trial court; rather, Locke Meredith is an attorney and member/chairman of the plaintiff/citizen organization.
Additionally, OUT contends that notice could not have been made timely since LHFA did not receive the Developer’s written request for an extension until twenty-three hours and forty-four minutes prior to the December 13, 1995, meeting. LHFA’s public notice of its final agenda for the December 13, 1995, meeting, posted prior to its receipt of the Developer’s request for extension, stated that there would be “Tax Credit Discussions.” The trial court found this description adequate under the circumstances to alert the public of the nature of the discussion to be held, particularly, in view of the automatic nature of the extension under the “Recommended Process.” In upholding this decision, we find there is no statutory requirement that a public body wait until a written request is made for inclusion on an agenda, before publishing or posting the requisite public notice of the public meeting, where the agency has been alerted in advance of an anticipated request.
The purpose of Louisiana’s Open Meeting Law is to allow the public to observe and evaluate public officials, public conduct, and public institutions. Daigre v. Terrebonne Association for Retarded Citizens, 543 So.2d 1108 (La.App. 1 Cir.), writ denied, 548 So.2d 333 (La.1989). It is meant to protect citizens from secret decisions made without any opportunity for public input. Daigre, 543 So.2d at 1109; Delta Development Company v. Plaquemines Parish Commission Council, 451 So.2d 134 (La.App. 4 Cir.), writ denied, 456 So.2d 172 (La.1984). The Open *111 Meeting Law itself declares in pertinent part in LSA-R.S. 42:4.1:
It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy.
In Shirley v. Beauregard Parish School Board, 615 So.2d 17 (La.App. 3 Cir.1993), the validity of a public school board’s action, in filling an assistant principal position in a junior high school, was attacked. In Shirley, the public meeting notice included the following item on its agenda: “To hear recommendations for assistant principal position....” The trial court in Shirley found the wording of the agenda failed to give proper notice to the public of the substance of the meeting, and should have conveyed that the board intended to act on the recommendations to fill the vacancy. Noting that the public was aware of the substance of the agenda and that plaintiffs actually attended the meeting, the appellate court reversed, finding the notice reasonable and not violative of the Open Meeting Law.
In the instant ease, Locke Meredith testified that since 1994 he has periodically communicated with LHFA regarding this housing development; his testimony at trial was as follows:
IN 1995 I BEGAN COMMUNICATING ON A PRETTY REGULAR BASIS. THE HOUSING AGENCY, IT BECAME APPARENT, WAS GOING TO TAKE WHATEVER STEPS WERE IN THEIR ABILITY TO CONTINUE THE ALLOCATION OF THE CREDITS TO MR. JUNEAU, AND OF PARTICULAR CONCERN WAS THE FACT THAT MR. JUNEAU HAD TO COMPLETE CONSTRUCTION BY DECEMBER 31, 1995; AND WE LEARNED THAT THEY PLANNED ON CONSIDERING IN OCTOBER OF ’95 PUTTING IN SOME TYPE OF PROCEDURES WHERE AN EXTENSION COULD BE GRANTED TO A DEVELOPER IF THE DEVELOPER ALLEGED DISCRIMINATION.
[[Image here]]
... AND MR. JUNEAU WAS THE ONLY DEVELOPER I KNEW OF IN THAT PARTICULAR — MAKING THOSE ALLEGATIONS.
[[Image here]]
... THEY WERE DISCUSSING IT AT THAT OCTOBER MEETING, ADOPTING THIS RECOMMENDED PROCESS BY WHICH THE BOARD WOULD ATTEMPT TO GRANT AN EXTENSION TO A DEVELOPER WHO ALLEGED DISCRIMINATION WAS THE REASON THAT HE COULD NOT COMPLETE CONSTRUCTION OF HIS DEVELOPMENT WITHIN TWO YEARS OF RECEIVING AN ALLOCATION OF THE CREDITS.
Mr. Meredith testified that in monitoring the situation, he heard about the October of 1995 LHFA meeting, which he attended. The minutes of the October LHFA meeting further reflect that representatives of the Developer were present, as well. During this meeting, the “Recommended Process” for automatic tax credit extensions was presented and adopted by the LHFA. Locke Meredith was given the opportunity to express his concerns that these tax ^credits were being abused to the advantage of certain developers. A response was given by LHFA’s legal counsel.
It is apparent from Mr. Meredith’s testimony that both he and the LHFA were well aware that the Developer’s tax credits would expire in December of 1995, and that the Developer intended to seek an extension. Under these circumstances, the agenda listing “Tax Credit Discussions” was sufficient notification of the topic to be addressed at the December, 1995, LHFA meeting. It is not necessary that each item for consideration be specified in great detail as long as the purposes of the Open Meeting Law are served and the public has sufficient notice of the agenda.
OUT’s remaining assignments of error, regarding the trial court finding that the extension of the tax credits was automatic and valid appear to question both the manner in which the extension was granted and whether LHFA had the authority to make *112 such an extension. However, OUT did not raise in its lower court pleadings substantive issues regarding the extension of tax credits granted by LHFA; rather, OUT contended in the lower court that the LHFA action violated Louisiana’s Open Meeting Law for failure to give adequate notice — a procedural matter. Furthermore, the trial court stated in its Oral Reasons for Judgment that “we are not dealing with an instance where the board considered applications and evidence as to why the St. Jean development group was not able to timely do the work that they were going to under the tax allocation, it was merely a receipt of the claim of racial discrimination that automatically triggers an extension.” Accordingly, substantive issues as to the propriety of LHFA’s decision to grant the tax credit extension are not properly before this court. Having found no error in the trial court judgment finding no defect in the notice given by LHFA,[2] we likewise find no merit in the denial of OUT’s demand for attorney’s fees.
For the reasons assigned herein, the judgment of the trial court is affirmed; all costs of this appeal are assessed to | «appellants, Organization of United Taxpayers and Civic Associations of Southeast Baton Rouge, Inc., and Locke Meredith.
AFFIRMED.
LOTTINGER, C.J., concurs in the result.

. At its October, 1995, meeting, LHFA adopted the “Recommended Process” which results in the automatic reallocation of tax credits where "HUD or appropriate federal agency makes initial threshold determination that complaint is strong enough to warrant formal review to determine whether reasonable cause does or does not exist.” As a result of the reallocation, the procedure states, "[c]redits would be held in abeyance until a decision is reached.” The period for automatic reallocation is limited to “a maximum of two years” with a review of the status of the complaint taking place "every six months."

. We do not address herein the appropriateness of the disposition of this matter by the trial court on an "exception of mootness” as neither party has raised the issue on appeal.