Dear Ms. Rack:
This is in response to your request, on behalf of the New Orleans Center for the Creative Arts Institute/Riverfront, for an Attorney General opinion regarding these questions:
 (1) Can a NOCCA/Riverfront board member be counted by telephone to form a quorum? and
 (2) Can a board member so present then vote by voice or facsimile?
For the following reasons, we must answer no to both inquiries.
The NOCCA/Riverfront was recently created by the state legislature, LSA-R.S. 17:1970.21 to 27, to provide professional quality opportunities for special high school students who aspire to be artists, performers or art technicians and who demonstrate an aptitude for such endeavors. Also, the Riverfront Center should provide expanded opportunities for the community to experience and appreciate excellence in the creative arts.
To help accomplish these goals, the NOCCA/Riverfront was statutorily authorized to (1) prepare an annual budget and exercise budgetary responsibility; (2) transfer or employ faculty, staff and center administrators; (3) pay salaries and expenses; (4) provide for the certification of teachers; (5) adopt rules under which faculty members may become permanent employees; (6) establish fees; (7) establish uniform criteria for determining the eligibility of student applicants; (8) decide on the curriculum; (9) prescribe and select books and other instructional materials; (10) establish a grievance procedure; (11) provide for the availability of health insurance and other benefits and (12) adopt any and all rules and policies necessary for the efficient and effective operation of the center.
The NOCCA/Riverfront may purchase, sell or lease land, buildings and equipment needed for center purposes and, to the extent that funds are available, enter into necessary contracts and agreements with other public agencies.
In addition to funds appropriated by the state legislature, the NOCCA/Riverfront can accept donations, bequests or other forms of financial assistance from any public or private person or agency.
Considering the foregoing, it appears clear that the NOCCA/Riverfront is a public body within the scope and intent of LAS-R.S. 42:4.1 to 4:10, which defines public bodies and outlines the state's public policy concerning open meetings of public bodies. Section 4.1 states:
 "It is essential in the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and be aware of the performance of public officials and the deliberations and decisions that go with the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be considered liberally."
Section 5, in pertinent part, says that public bodies are prohibited from utilizing any manner of proxy or secret voting procedures and that all votes "shall be viva voce".
As your General Counsel pointed out in his letter to the board dated February 8, 2001, citing United Tax Payers v. LouisianaHousing Finance, 703 So.2d 107 (La.App. 1 Cir. 1997), the purpose of the open meetings law is to allow the public to observe and evaluate public officials, public conduct and public institutions. In order for NOCCA/Riverfront board members to be observed and appropriately evaluated, the apparent statutory intent was for them to be personally present at meetings and not to participate via telephone.
While it is true that the statutes forming the NOCCA/Riverfront do not specifically forbid electronic participation by board members at public meetings, it appears obvious that the board's extensive power and responsibilities combined with the plain and straightforward intent of the state's open meetings law would preclude the use of telephones to obtain a meeting quorum or to allow voting by non-present board members.
 Sincerely, RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ H. Charles Gaudin Assistant Attorney General
RPI:HCG/bgc
Date Received:
Date Released: August 10, 2001