Dear Mr. Jones:
Your request for an Attorney General Opinion has been forwarded to me for research and a response. You requested an opinion to clarify the intent of Louisiana R.S. 42:5, specifically regarding proxy voting in the Louisiana Open Meetings Act.
The pertinent statute is as follows:
 La.R.S. 42:5 Meetings of public bodies to be open to the public
* * * *
 B. Each public body shall be prohibited from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of R.S. 42:4.1 through R.S. 42:8.
 C. All votes made by members of a public body shall be viva voce and shall be recorded in the minutes, journal, or other official, written proceedings of the body, which shall be a public document.
* * * *
Previous Attorney General Opinion Number 01-0256 addresses the statutory intent of La.R.S. 42:5 by citing United Tax Payers v. LouisianaHousing Finance, 703 So.2d 107, (La.App. 1 Cir. 1997), which states that, "the purpose of the open meetings law is to allow the public to observe and evaluate public officials, public conduct and public institutions ". Therefore, this opinion concluded that the intent of La.R.S. 42:5(C) is to require personal attendance at meetings and to prohibit any participation via telephone, whether it is to obtain a quorum or to allow voting by non-present board members.
Therefore, to uphold the intent of the open meetings law pursuant to La.R.S. 42:5, one must be physically present at the meeting in order to participate in any manner. Representation by telephone is not sufficient.
I hope this opinion sufficiently answers you question. If we may be of further assistance to you, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ VIRGINIA L. COREIL Assistant Attorney General
RPI/VLC;rt
Date Released: April 23, 2002