Dear Mr. Martinez:
You have asked our office to provide an opinion concerning the development and adoption of a master plan for Ascension Parish ("Parish"). Your letter provides that the Parish Council hired Winston and Associates to provide professional consulting services to create a comprehensive plan for the Parish. As the plan was being developed, the Ascension Parish Government Planning Commission ("Planning Commission") attended neighborhood meetings, explaining the plan to residents. Your letter indicates that at a meeting held in September, the Planning Commission voted on the master plan. Your request questions whether the Planning Commission provided adequate notice before voting on the master plan. Additionally, your request notes a conflict between the authority of the Planning Commission as provided by statute and its authority under the Ascension Parish Home Rule Charter, requesting clarification of which entity has the authority to adopt a master plan.
You have asked this office to address the following issues, each of which will be addressed in turn:
1. Was the meeting of the Planning Commission legal? If not, can the Parish have another meeting? Is there a need to hold another meeting?
2. Does the Planning Commission have any final authority on this issue or is it limited to actions in an advisory capacity? *Page 2 
3. Is there a conflict between the Charter and state law as to who has the authority to create an official plan?
4. Does state law provide the Planning Commission with final authority on the Master Plan or simply with the authority to make a recommendation?
5. Should the Planning Commission report to the Parish President, as stated in the Charter?
With respect to the question concerning the meeting held by the Planning Commission, we note that it is not disputed that the Planning Commission is a "public body" under La.R.S. 42:13(A)(2), and that the Planning Commission must comply with the Open Meetings Law. The right to observe the deliberations of public bodies is guaranteed by La.Const. art. XII, § 3. The Open Meetings Law, which can be found at La.R.S. 42:12
et seq., was enacted by the Louisiana Legislature to protect and define the scope of this right.
According to the Agenda for the September 20, 2010 meeting of the Planning Commission, Item 3 is described as "Planning Commission comments/discussion based on public comments received." According to the unofficial minutes from this meeting, [1] at the end of the meeting, a motion was made by a commissioner "to scrap the proposed master plan in its entirety with its accompanying maps and language." Four commissioners voted in favor of the motion, and four voted against. However, one of the votes cast against the motion was made by the Chairman, who stated his vote could not be counted. Therefore, the motion carried with a vote of four to three. The first question asked is whether the Planning Commission gave the public sufficient notice of its vote "to scrap the master plan."
La.R.S. 42:19 requires that all public bodies provide notice of meetings twenty-four hours before the meeting is held, such notice including the agenda, date, time and place of the meeting. The Open Meetings Law does not specify the level of detail which must be included in each agenda item. The First Circuit has stated:
It is not necessary that each item for consideration be specified in great detail as long as the purposes of the Open Meeting Law are served and the public has sufficient notice of the agenda.[2]
Further, as described by La.R.S. 42:12, the public policy for open meetings is "that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy." *Page 3 
As is evident from the extensive public comments concerning the master plan, the fact that eleven meetings have been held to gather input and feedback from the public on the master plan, and approval of a master plan is the main power and duty of a parish Planning Commission (La.R.S.33:106(A)), it is the opinion of this office that a vote by a Planning Commission to approve or reject a master plan in its entirety must be described on the agenda with sufficient detail to provide the public with notice that the Planning Commission intends to take such a vote. The agenda item description of "comments/discussion" is insufficient to make the public aware that the Planning Commission was to take a final action on the plan.[3] As a result of the vote taken to reject the master plan without providing adequate notice to the public that such vote was going to occur, it is the opinion of this office that this vote is subject to voidability as provided for in La.R.S. 42:24. However, as La.R.S. 42:24
requires that a voidability action be commenced within sixty days of the action, such time which has passed, the Planning Commission is not required to ratify this vote at a future meeting. For this reason, the issues concerning whether the Chairman's vote could be counted as well as the issue of proper notice of the action are moot.
The remaining questions of your request concern the authority of the Planning Commission and the Parish (the Parish President and Parish Council) with respect to adopting a master plan for the development of Ascension Parish. More specifically, you have asked whether the Planning Commission has final authority on the adoption or rejection of the master plan, or whether it acts in an advisory capacity with the authority to make a recommendation to the Parish.
Ascension Parish operates under a home rule charter, which was approved after the adoption of the Louisiana Constitution of 1974, with powers as described by La.Const. art. VI, § 5(E):
A home rule charter adopted under this Section shall provide the structure and organization, powers and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
The authority for creating the Planning Commission in Ascension Parish is provided for in the Charter. Additionally, there is statutory authority permitting the creation of planning commissions. See La.R.S. 33:102.
Section 4-12 of the Charter provides: *Page 4 
Without limitation of the foregoing authority or other powers given to it by the charter, the governing authority may:
[. . .]
Create parish departments, offices, or agencies in addition to those created by this charter, by an ordinance adopted by a two-thirds majority vote of the governing authority. Advisory boards and commissions may be created by an ordinance approved by a majority vote of the entire governing authority. Members of advisory board or commissions shall be appointed and/or removed by the parish governing authority, but shall report to the parish president.
This provision allows for the Parish to create a Planning Commission, whose membership is controlled by the parish governing authority and is required to report to the parish president. Further, more specifically relating to the authority of land development, Section 4-18 of the Charter requires the creation of a planning commission, providing:
The parish governing authority shall make and adopt and shall be authorized to amend, extend and add to an official plan for the physical development of the unincorporated areas of the parish, and shall create by ordinance a planning commission with the powers and duties set forth in state law, and shall appropriate funds for the commission as it deems necessary and fiscally prudent.
Your letter points to an apparent conflict between the first sentence of the above provision, which provides that the parish governingauthority shall make and adopt an official plan and La.R.S. 33:106(A)(1), which provides that "[a] parish planning commission shall make and adopt a master plan for the physical development of the unincorporated territory of a parish." [Emphasis added]. We see no such conflict. The Charter provision requires that the Planning Commission be created with the powers and duties set forth in state law. Thus, the Charter anticipates the creation of a planning commission with certain powers and duties. More specifically, this provision recognizes that the Ascension Parish Planning Commission, whose creation is required by Section 4-18 of the Charter, should be vested with the powers and duties of any other planning commission. The main power and duty of a planning commission, as described by La.R.S. 33:106, subtitled "General powers and duties," is to make and adopt a master plan.
To examine the power of the governing authority with respect to land use, we turn to La.Const. art. VI, § 17, which authorizes a local governmental subdivision to:
(1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such *Page 5 
commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures.
A "local governmental subdivision" is defined by La.Const. art. V, § 44(1) as any parish or municipality. Also of relevance is La.Const. art. VI, § 15, which provides:
The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency.
In general, a planning commission is a creature of the governing authority, and as the creation is not statutorily mandated, it is reasonable to interpret a parish or municipality's decision to create a planning commission as a delegation of the governing authority's power to make and adopt a master plan. The governing authority has the power and authority to make and adopt a plan on its own. However, it may avail itself of the statutory scheme available to parishes and municipalities who wish to delegate such authority to a planning commission. If the governing authority determines to avail itself of such option, then the governing authority has delegated the authority of making and adopting a master plan to the planning commission. Thus, the planning commission created by the governing authority has certain powers and duties, namely, the power and duty to adopt and create a master plan.
In the situation you have presented, the Ascension Parish Home Rule Charter requires the creation of a planning commission. To give effect to the Constitution, Charter and Revised Statutes, it is the opinion of this office that, while the governing authority has general power over an entity created by it, the governing authority must allow the entity to perform the duties delegated to it by state law and the Charter. In other words, the governing authority must allow the Planning Commission to perform the task which it has been assigned: to make and develop a master plan. Consistent with this authority, if the Planning Commission decides that it does not wish to adopt the recommendations of a consultant in its own process of developing and adopting a master plan, it has the right to make that decision.
Please note, however, that the delegation of the authority to make and adopt a master plan does not prevent the governing authority from exercising its authority over land management. As mentioned above, the governing authority has general power over the Planning Commission and the Charter specifically recognizes the power of a governing authority to amend, extend or add to a master plan. State law specifically recognizes the ability of governing authority to overrule the disapproval of a planning commission, and further contains a general provision recognizing the right of the governing authority to adopt ordinances inconsistent with the master plan.
After the planning commission makes and adopts a master plan, whenever the commission denies approval for the creation of a street, square, park or other public *Page 6 
way, ground, or open space, or public building or structure, or public utility, the planning commission must communicate its reasons for the disapproval to the local legislative body pursuant to La.R.S. 33:109, and the governing authority shall have the power to overrule such disapproval by a recorded vote of not less than two-thirds of its entire membership.
Further, La.R.S. 33:109(B) provides that the governing authority may adopt, approve or promulgate any local law, ordinance or regulation for land use, even if such is inconsistent with the master plan, as long as the governing authority considers the master plan:
Whenever a parish or municipal planning commission has adopted a master plan, the governing authority of such parish or municipality shall consider such adopted master plan before adopting, approving, or promulgating any local laws, ordinances, or regulations which are inconsistent with the adopted elements of the master plan.
The general power and duty of any planning commission is to make and adopt a master plan. Although the Constitution authorizes a governing authority to adopt regulations for land use, it also recognizes this authority may be delegated to a planning commission that is created to implement such regulations. Additionally, state law authorizes the delegation of this authority to a planning commission. Particularly, the Charter requires this authority to be delegated to a planning commission. The governing authority maintains the power to amend or adopt regulations inconsistent with the master plan, once a master plan is approved by the Planning Commission, and the governing authority maintains general power over the planning commission, including the power of appointment and the power to abolish the commission. However, this general power does not include the right to call into question the decision of the Planning Commission not to implement the recommendations of a consultant hired by the governing authority.
In conclusion, with respect to the meeting of the Planning Commission, it is the opinion of this office that "comments/discussion" is an insufficient description to put the public on notice that the Planning Commission planned to pass a motion "to scrap the master plan." Further, with respect to the questions concerning the authority over the master plan, the governing authority has delegated to the Planning Commission the authority to make and adopt a master plan. While the governing authority has general power over any entity created by it, this power does not mean that the governing authority can force the Planning Commission to implement recommendations of a consultant in the development of a master plan. However, the governing authority has the authority to implement the recommendations of a consultant in the course of performing its own duties.
Additionally, you asked our office whether the Planning Commission must report to the Parish President, as described by Section 4-12 of the Charter. The clear language of this Charter provision requires that any commission created by the Parish must report to *Page 7 
the Parish President.[4] This obligation to "report" means that the Planning Commission must keep the Parish President informed as to its activities. At a minimum, this means the planning commission has a duty to make the Parish President aware of any decisions made by the Planning Commission, including any action taken on the master plan.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________
Emalie A. Boyce
Assistant Attorney General
JDC: EAB
[1] We note that the minutes provided to us at the time this opinion was written were not yet officially adopted by the Planning Commission.
[2] Organization of United Taxpayers and Civic Associations ofSoutheast Baton Rouge, Inc. v. Louisiana Housing Finance Agency, 96-2406, p. 7 (La.App. 1 Cir. 11/7/97), 703 So.2d 107, 111.
[3] We note that the Planning Commission could have amended the agenda by a unanimous vote of all members present to add this item to the agenda following the procedure for doing so in La.R.S. 42:19(A)(1)(b)(ii), but the minutes do not reflect any discussion of adding this item to the agenda nor is there any record of a vote to amend the agenda.
[4] We note that this opinion does not conflict with La. Atty. Gen. Op. No. 03-0110, which stated that the Ascension Parish governing authority could not give the Planning Commission less authority than provided for in La.R.S. 33:106 without a Charter amendment, as the Charter provides that the Planning Commission has the powers and duties set forth by law.