391 So.2d 1217 (1980)
Clydene W. PHILLIPS and George M. Cotton
v.
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE.
No. 13598.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
*1218 Emile C. Rolfs, Baton Rouge, of counsel, for plaintiffs-appellants Clydene W. Phillips et al.
Joseph S. Cage, Jr., Monroe, of counsel, for defendant-appellee Board of Supervisors of Louisiana State University and Agricultural & Mechanical College.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
Plaintiffs-appellants, Clydene W. Phillips and George M. Cotton, appeal the decision of the trial court denying them a preliminary injunction against defendant-appellee, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (Board). Appellants seek to enjoin the Board from any further acts in violation of La.R.S. 42:4.1 et seq., commonly referred to as the "Sunshine Law" or "Open Meeting Law". Appellant contends their constitutional rights[1] were violated by the Board and its committees by meeting in illegal executive sessions thus denying appellants the right to observe the deliberations of the Board and of its committees.
The issues are as follows:
(1) At the time of the dispute, did the "Open Meeting Law" apply to the individual committees of the Board under the facts of this case?

*1219 (2) Did the Board go beyond the authorized statutory exemptions when meeting in executive session?
(3) Did the Board take final, binding action while in executive session?
(4) Are appellants entitled to the injunctive relief sought?
Appellants argue that the "Open Meeting Law" applies to the committee meetings when the committees are composed solely of members of the regulated body and when the actions of the committees constitute, in fact, actions of the whole Board.
It is clear that at the time of this dispute La.R.S. 42:5 did not list "committees" as a public body. This section at that time read as follows:
"§ 5A. For the purpose of R.S. 42:4.1 through R.S. 42:10, `meeting' means the official convening of town and city councils, police juries and other governing bodies; school boards and boards of levee and port commissioners; boards of publicly operated utilities; and all state, parish, or municipal boards or authorities with policy making or administrative functions which receive or expend tax funds, the legislature specifically exempted, to discuss or act upon a matter over which the public body has supervision, control, jurisdiction, or advisory power. Such meetings shall be open to the public."
We agree with the trial judge's holding that committee meetings of the Board were not subject to the "Open Meeting Law" for the reasons stated in his Reasons for Judgment which we quote as follows:
"It is clear that committees are not mentioned in this section. In contrast, the original bill, Senate Bill No. 591, defined a public body to include `any board, commission, committee, subcommittee or other subsidiary thereof.' That language was deleted by action of the Conference Committee before final passage of the bill, and the language of section 5, quoted above in full, was substituted in its place. From these legislative actions, the Court concludes that the statute, as it was then written, was not intended to cover committees. In further support of this conclusion, the Court notes that the 1979 amendments to the Open Meetings Law specifically extend its coverage to committees and subcommittees. R.S. 42:4.2[(A)](2). Even assuming that the definition in R.S. 42:5 intended to include committees although not mentioned, the LSU Board committees do not receive or expend tax funds, the seemingly indispensable condition required by the statute for a state board or authority to fall within its scope."
Appellants' argument that the actions of the committees were actions of the full Board is not supported by the record herein. To the contrary, the record affirmatively establishes that all actions were taken by the full Board and the recommendations of the committees were just recommendations, which were always acted upon by the full Board.
Four of the seven meetings complained of by the appellants dealt with committee meetings which, for the reasons previously stated, we will not consider further.
The remaining three meetings of the Board complained of are as follows:
(1) April 14, 1978The Board met in executive session to discuss prosecution of a pending law suit;
(2) July 28, 1978The Board met in executive session to decide the position of Chancellor at the Alexandria campus;
(3) January 26, 1979The Board met in executive session to discuss personnel changes in the athletic department.
The law provided exemptions to the requirement of public meetings as follows:
R.S. 42:6.1:
"A. A public body may hold a meeting closed to the public pursuant to R.S. 42:6 for one or more of the following reasons:
(1) discussion of the character, the professional competence, or physical or mental health of a single individual provided that such individual may require that such discussion be held at an open meeting;

*1220 (2) strategy sessions or negotiations with respect to collective bargaining or litigation, when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body;"
* * * * * *
The meeting of April 14, 1978 falls squarely within the exemption provided for by Section 6.1 A.(2). The July 28, 1978 and January 26, 1979 meetings fall within Section 6.1 A.(1) since the Board discussed the character, the professional competence of the Chancellor of the Alexandria campus and personnel changes in the athletic department.
The record in this case does not support appellants' contentions that the Board went beyond the matters allowed to be exempted and were using the closed meeting to defeat the purposes of the "Open Meeting Law". Nor did the Board take any final, binding action in any of its executive meetings.
Appellants also urge that the Board, in going into executive session, did not state verbatim the language of the statute for its reasons. The Board used the phrase "personnel matters" when it referred to reviewing the qualifications, character and professional competence of an individual before going into executive session. Simply because the language of the statute is not recited verbatim is of no consequence if the intent and spirit of the statute is being carried out.
Appellants further seek to assert violation of another's rights to entitle them to injunctive relief. They claim that Dr. Cleveland's right to have the full Board hear his matter in a public meeting was violated. Appellants cannot assert the rights of another. Dr. Cleveland is not a party to this suit nor was he called as a witness. As the Supreme Court stated in State v. Board of Liquidation, 136 La. 571, 67 So. 370 (1915):
"Wherever an action is brought for a breach of duty imposed by statute, the party bringing it must show that he had an interest in the performance of the duty, and that the duty was imposed for his benefit. But where the duty was created or imposed for the benefit of another, and the advantage to be derived to the party prosecuting, by its performance, is merely incidental and no part of the design of the statute, no such right is created as forms the subject of an action."
Appellants have failed to prove any violation of the "Open Meeting Law" by the Board and are therefore not entitled to injunctive relief.
For these sessions, the judgment of the trial court is affirmed and the case remanded for further proceedings. All costs of the hearing for the preliminary injunction, including this appeal, are taxed against appellants. All other costs are to await the final disposition of this matter on the merits for a declaratory judgment and a permanent injunction.
AFFIRMED AND REMANDED.
NOTES
[1] Louisiana Constitution of 1974, Article 12, Section 3 provides:

"No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law."