543 So.2d 1108 (1989)
Richard G. DAIGRE
v.
The TERREBONNE ASSOCIATION FOR RETARDED CITIZENS.
No. 88 CA 0440.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
*1109 Charles Haneman, Houma, for plaintiff and appellantRichard Daigre.
William S. Watkins, Houma, for defendant and appelleeTerrebonne Assn. for Retarded Citizens.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
This suit was brought by Richard G. Daigre (plaintiff), former executive director of The Terrebonne Association for Retarded Citizens (TARC),[1] against that agency. Plaintiff alleges that TARC violated the Louisiana Open Meetings Law, LSA-R.S. 42:4.1 through 42:12, by terminating him at an executive session of a meeting of the Board of Directors.[2] He had actual notice of the meeting, and he and his lawyer were present. But no notice of the meeting was given pursuant to LSA-R.S. 42:7. Plaintiff further alleges that the meeting was procedurally invalid under LSA-R.S. 42:6 because the members' vote on the question of going into an executive session and the reason for holding it were not recorded and entered into the minutes. Plaintiff further alleges a violation of LSA-R.S. 42:6.1 because the executive session authorized under the "character discussion" exception of LSA-R.S. 42:6.1 was not held at an "open meeting" under LSA-R.S. 42:5 and LSA-R. S. 42:7. Plaintiff seeks to void TARC's actions which resulted in his termination and to have the court declare him to be TARC's executive director.[3]
LSA-R.S. 42:10 allows enforcement proceedings to be brought by any person who has been denied any right conferred by the Open Meetings Law, or who has reason to believe that the Open Meetings Law has been violated. LSA-R.S. 42:9 mandates voiding any action taken in violation of LSA-R.S. 42:4.1 through 4.8.
At trial of this summary proceeding, defendant admitted that it was subject to the Open Meetings Law. The trial court dismissed the plaintiff's suit even though it found that technical violations of the law had occurred. Plaintiff has appealed, and we must resolve whether the Open Meetings Law was violated and, if so, whether plaintiff is entitled to the relief he seeks.
We agree with the trial court that although there were technical violations of LSA-R.S. 42:4.1 through 4.8, they do not offer plaintiff any grounds for relief under the facts here. The Open Meetings Law was designed to allow the public to observe and evaluate public officials, public conduct, and public institutions. Comment, Entering the Door Opened: An Evolution of Rights of Public Access to Governmental Deliberations in Louisiana and a Plea for Realistic Remedies, 41 La.L.Rev. 192, 194 (1980). It is meant "to protect citizens from secret decisions made without any opportunity for public input." Delta Development Co. v. Plaquemines Parish Commission Council, 451 So.2d 134, 138 (La.App. 4th Cir.), writ denied, 456 So.2d 172 (La.1984). It is impossible to say here that plaintiff was denied any rights personally since he was present at the meeting with his lawyer and could have entered the *1110 executive session had he so desired.[4] Plaintiff argues, however, that the lack of prejudice is irrelevant: that the statute must be liberally construed to protect the public's right to observe deliberations of public bodies. This argument is an attempt to bootstrap the noble ideals of the Open Meetings Law and the guarantee afforded Louisiana citizens under article 12, section 3, of the 1974 Louisiana Constitution to plaintiff's own natural desire to minimize his loss after he was terminated from employment by defendant. We agree with the reasons for judgment assigned by the trial court, which reasons are attached as an appendix to this opinion. The judgment of the trial court is affirmed at plaintiff's costs.
AFFIRMED.

APPENDIX
THE COURT: The Court finds that and indeed it has practically been conceded by counsel that TARC is a public body under 4.2 and therefore, must comply with the provisions of the open meeting law.
That being the case, the plaintiff says that they have violated several sections. One dealing with written public notice and a notice of exactly what the agenda would be under 427. In that particular case, the Court finds that although they did not comply with the letter of this particular section, there has been testimony that ... First of all, this is a peculiar case, a different case, because the individual who claims to have been wronged is or was the executive director. I think I am using the right terms of the organization. There has been testimony that he had from his own lips that he had knowledge of the meeting and indeed what the meeting was going to be about and indeed even hired an attorney to represent him with regard to that.
So, the Court finds that even if that is a violation, that the violation is insignificant in view of the actual notice and in looking at the spirit of the law, what it was made to protect and who the law was made to protect, and therefore, the Court will not void the action of the TARC because of that particular violation.
Next, we go to allegations of 42.6 being violated which says it permits executive sessions but only when the vote of each member is recorded as to whether or not to go into executive session. And again, the plaintiff was present at the time. So, he obviously saw the proceedings and saw who voted for and who voted against, so again this is a statute made to protect individuals. This individual happened to be present. So, I don't believe he was prejudiced by their technical violation in 42.6.
So, the Court will not void the matter because of that.
Next, 426.1 with regard to the fact that it was done in an executive session and rather than being held in an open meeting and 6.1 states that such person may require that such discussion be held at an open meeting. The fact of the matter is that not only was the plaintiff present at the previous open meeting, but that he had counsel. I might add very qualified counsel with him at the time, and the record is void of anything saying that they made a request to go to have this held in an open meeting. In fact, the record doesn't show where anybody asked them to leave. It was simply a spontaneous reaction.
So, the Court finds that where is no violation with regard to 42:6.1. That being the case, the Court finds that although there were some technical, *1111 very technical violations of 42.7 and 42.6, these violations were insignificant in view of the fact that the letter of the law is to protect individuals from matters that are not within their knowledge and to give them adequate notice and time to do something about it.
The Court finds that this individual, the plaintiff, had adequate time and knowledge, had his lawyer there, and so any of these technical violations is certainly not grounds for the Court to void any action that they took at that time.
That is the ruling of this Court. Mr. Watkins, would you please prepare the judgment.
MR. WATKINS: Thank you, Your Honor.
MR. HANEMANN: Thank you, Your Honor.
(Hearing concluded.)
NOTES
[1] The record makes it abundantly evident that TARC is a component unit of the Terrebonne Parish Consolidated Government.
[2] The minutes of June 19, 1987, indicate that plaintiff was terminated during the public part of the meeting. The record indicates that no formal vote was taken during the executive session.
[3] Plaintiff also asks for a writ of mandamus ordering payment of his salary at $3,416.67 per month and for reasonable attorney fees and costs. He dismissed without prejudice his demand for $100,000.00 in general damages.
[4] Under the provisions of LSA-R.S. 42:6.1(A)(1), plaintiff could have required that any decisions regarding him be held at an open meeting. He did not take advantage of this right. The record clearly shows that he knew about and was actually preparing for the meeting where his termination would be sought.