McClendon, j.
 

 | ^Plaintiffs, Phillip Courvelle and the Louisiana Recreational Vehicle Association, Inc. (association),
 
 [1]
 
 filed suit to enforce the open meetings law and for an injunction. After the trial court rendered a judgment in plaintiffs’ favor, the named defendants, the Louisiana Recreational and Used Motor Vehicle Commission, and certain commission members, Janai Shar-key, Scott Graham, Richard Prestridge, Paul Rossi, Aaron Gables, and Julia Frederick, appealed. Three other commissioners, Mike Roberts, Byron Wright, and Johnny Brakefield, filed a separate appeal.
 
 [2]
 
 We affirm in part and reverse in part.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 A public meeting of the commission was noticed for February 19, 2008. Posted with the date was the agenda and a notice of intent to enter into an executive session during the public, open meeting. The stated purpose of the executive session was to consider ongoing litigation, listed by name and docket number, between the commission and Bourget’s of the South, L.L.C. (Bourget’s),
 
 [3]
 
 related prospective litigation, and attorney billings.
 

 
 *343
 
 At the February meeting, the commission, by a roll call, determined that thirteen members were present, two did not answer, and thirteen qualified as a quorum. Plaintiff, Mr. Courvelle, answered the roll call as a commissioner. The attorney representing the association was also recorded as being present.
 

 At the beginning of the public meeting, the commission held a voice vote to approve a motion to go into executive session to discuss the “legal matters.” However, after the motion carried, but before actually entering the executive session and without an interruption in the recording of the meeting, the | .^commission considered whether public comments should be heard first. After some discussion, one of the attorneys for the commission, Mr. Robert Hallack, advised the commission, as follows: “If you violate the open meetings law, you are subject to criminal penalties. I want you to know that, right now. So, whatever you are doing right now, if you are in limbo, you need to make a decision one way or another.” The commission then voted to rescind the executive session vote, return to the open meeting, and allow public comment prior to calling the executive session. Among others, comments were made by the association’s attorney.
 

 Subsequently, the commission again noted the need to go into executive session to discuss the problems surrounding the Bourget’s litigation. Various commission members reiterated that the notice of intent to hold an executive session was posted, and that the commission wanted to discuss “legal matters,” “because of the sensitive matter,” to which Mr, Hallack responded, “absolutely.” In answer to a question on whether Mr. Hallack had advised the commission that they could not discuss matters that were before the court, Mr. Hallack responded,
 

 Well, that’s not exactly what I said. What I said was that you have to demonstrate that what you will discuss will have a detrimental effect on the litigation and somebody needs to make a showing that ... there is going to be a detrimental effect on the litigation to discuss it publicly.
 

 Eventually, after additional comments, a motion to enter into executive session was made and seconded. The commission conducted a voice vote to approve the motion. The voice vote was recorded as unanimous, with no opposition votes. The executive session was not open to the public, and the recordation of the proceedings stopped until the commission returned to the open, regular session. Upon returning to the open meeting, one of the commission members stated for the record that the commission discussed legal matters and attorney billings in the executive session. Shortly thereafter, a motion was made to vacate prior rulings by the commission in the Bourget’s matter and to find that Bourget’s was not guilty of any violations. The motion |4passed, with three opposing votes. The passage of the motion concerning the Bourget’s litigation reversed the commission’s original position in the suit; a suit that had already been affirmed by this court on appeal.
 
 [4]
 
 A second motion to accept attorney billings also passed. No objection to the passage of the motions was recorded.
 

 After the plaintiffs filed suit, a hearing was held on their petition to enforce the open meetings law and for preliminary injunction, and on various exceptions and motions. In its oral reasons for judgment, the trial court specifically relied on LSA-R.S. 42:6 and 6.1. The court found that
 
 *344
 
 the voice vote, taken at the commission’s February meeting to enter into an executive session, did not comply with the statute, and that a roll call and recordation of the vote of each member by name was required. Next, the trial court discussed the chairman of the commission’s testimony that the commission went into executive session due to the commission’s inability to discuss the litigation without interruption from attendees of the public meetings, which intimidated the commissioners. The trial court found that reason insufficient as a basis for the executive session. Based on the trial court’s review of the testimony at trial and the minutes of the public meeting, the court found that the reasons afforded by the commission failed to show the requisite “detrimental effect.” LSA-R.S. 42:6.1
 
 M2).
 

 Thereafter, based on the commission’s non-compliance with the applicable statutes, the trial court rendered a judgment that voided the vote taken by the commission soon after the commission resumed the open meeting; enjoined the commission from subsequent action based on that vote; imposed civil penalties, under LSA-R.S. 42:13, on certain individual commissioners; and assessed court costs and fees against the commission. All other pending exceptions or motions were dismissed.
 

 |fiThe defendants appealed. All appellants assigned error to the trial court’s finding that the commission did not comply with the open meetings law and to the assessment of fines against individual commissioners. In addition, all appellants argued that the trial court erred in awarding costs and attorney fees. The Louisiana Recreational and Used Motor Vehicle Commission, Janai Sharkey, Scott Graham, Richard Prestridge, Paul Rossi, Aaron Gables, and Julia Frederick noted in their argument that some of the commissioners fined by the court were not named defendants.
 

 In response, the plaintiffs asserted that the trial court was correct in holding that the voice vote did not comply with the statutory requirements and in finding that defendants failed to establish during the meeting another statutory requirement,
 
 ie.,
 
 that a discussion of the legal matters in an “open meeting would have a detrimental effect on the bargaining or litigation position of the public body.” LSA-R.S. 42:6.1 A(2). Based on the violation of law, the plaintiffs urge that the overturning of the vote taken immediately after the executive session and the grant of an injunction was also correct. Finally, the plaintiffs asserted that the penalties and award of costs were warranted.
 

 APPLICABLE LEGAL PRECEPTS
 

 Except as allowed by law, meetings of public bodies, such as the commission, are to be open to the public.
 
 See
 
 LSA-R.S. 42:5 A; LSA-Const. art. XII, § 3. The purpose of Louisiana’s Open Meetings Law is set forth in LSA-R.S. 42:4.1 A, in pertinent part, as follows:
 

 It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy.
 

 Given the express purpose of the law, our courts have stated that the purpose of the Open Meetings Law is to allow the public to observe and evaluate public officials, public conduct, and public institutions.
 
 Organization of United Taxpayers and Civic Associations of Southeast Baton Rouge, Inc. v. Louisiana Housing Finance Agency,
 
 96-2406, p. 5 (La.App. 1 Cir. 11/7/97), 1„703 So.2d 107, 110,
 
 writ
 
 
 *345
 

 denied,
 
 97-3007 (La.2/6/98), 709 So.2d 745. It is meant to protect citizens from secret decisions made without any opportunity for public input.
 
 Id.
 

 “All votes made by members of a public body shall be viva voce and shall be recorded in the minutes, journal, or other official, written proceedings of the body, which shall be a public document.” LSA-R.S. 42:5 C. Statutory exceptions to the open meetings rule are found in LSA-R.S. 42:6, R.S. 42:6.1, and R.S. 42:6.2.
 
 See
 
 LSA-R.S. 42:5 A. In LSA-R.S. 42:6, the legislature specifically provided that:
 

 A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:7, of two-thirds of its constituent members present. An executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1; however, no final or binding action shall be taken during an executive session. The vote of each member on the question of holding such an executive session and the reason for holding such an executive session shall be recorded and entered into the minutes of the meeting. Nothing in this Section or R.S. 42:6.1 shall be construed to require that any meeting be closed to the public, nor shall any executive session be used as a subterfuge to defeat the purposes of R.S. 42:4.1 through R.S. 42:8.
 

 The specific exemptions to the open meetings rule for public bodies are found in LSA-R.S. 42:6.1. The section applicable here is 6.1A(2), which provides that:
 

 A. A public body may hold an executive session pursuant to R.S. 42:6 for one or more of the following reasons:
 

 [[Image here]]
 

 (2)Strategy sessions or negotiations with respect to collective bargaining, prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.
 

 ANALYSIS
 

 VOTING REQUISITES
 

 Initially, we note that the commission members present at the meeting, including the plaintiff, Mr. Courvelle, answered a roll call. The other plaintiff, the association, was present at the meeting through its representative counsel. Both entities participated in the public meeting. Neither plaintiff objected to the voice 17vote on the motion to enter into executive session or to the announcement that the vote was unanimous with no opposing votes. Thus, we do not see any direct prejudice to the plaintiffs based on a unanimous voice vote in lieu of a roll call vote, whereby each member’s vote would have been identified with the member’s name.
 
 See Daigre v. Terrebonne Association for Retarded Citizens,
 
 543 So.2d 1108,1109-10 (La.App. 1 Cir.),
 
 unit denied,
 
 548 So.2d 333 (La.1989).
 

 As to the claim that LSA-R.S. 42:6 requires the recordation of the vote of each member by a roll call vote, if not a written vote, to enter into executive session, we cannot agree. Although we are not prepared to say that recordation of the votes by name could never be appropriate or necessary, the use of the voice vote, or
 
 viva voce,
 
 is specifically provided for by LSA-R.S. 42:5 C, and not specifically disallowed by LSA-R.S. 42:6.
 

 In this case, the minutes contained the roll call at the beginning of the meeting. The unanimous vote, without opposition, evinced a favorable vote by each member present. It is the vote of each member, not a particular name, that is
 
 *346
 
 required by LSA-R.S. 42:6 to be recorded and entered into the minutes. Also, no one present at the meeting lodged an objection or argued that the vote was not correctly recorded. Thus, under the particular facts here, we find that the voice vote was sufficient to meet the requirements of LSA-R.S. 42:6, and the trial court erred in holding otherwise.
 

 REQUISITES FOR EXEMPTIONS
 

 For public bodies, “[a]n executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1.” LSA-R.S. 42:6. Prior to entering the executive session, the commission was required to give its “reason” for such a session and that “reason” had to be recorded and entered into the minutes.
 
 Id.
 
 However, the statute does not require the “reason” to be couched in any specific form or magical language.
 
 See Phillips v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College,
 
 391 So.2d 1217,1220 (La.App. 1 Cir.1980).
 

 ^Louisiana Revised Statutes 42:6.1 lists the approved reasons for executive sessions. The question before us is whether the reasons given by the commission meet the requirements of LSA-R.S. 42:6.1 A(2), which allows an exemption for “prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.”
 

 The most specific reason provided by the commission during the public meeting was to discuss the noticed “legal matters,” which was “a sensitive matter.” At trial, when the chairman of the commission, Mr. Mike Roberts, was asked why the commission went into executive session, he replied that:
 

 Every time the name Bourget’s was mentioned in any meeting for the last two years there was [sic] always interruptions from attorneys from both sides. It was—the members felt intimidated every time this thing came up. The only way that we could discuss this and because—-and, also, at the January meeting, there was a meeting afterwards and where there was [sic] threats of sanctions against an attorney, threats of sanctions against the commission, and that was the only way that we could discuss this without constant interruption from all parties. That’s the only way we could discuss the strategy and find out from the attorney exactly what was going on.
 

 After reviewing the reasons given during the public meeting, to discuss legal, sensitive matters, and Mr. Roberts’ trial testimony, we cannot say that the trial court erred in finding the commission’s “reasons” for going into executive session were not of sufficient specificity to demonstrate how a public discussion of the Bour-get’s litigation would be detrimental. Reciting what the commission was going to discuss is different from showing why that discussion would be detrimental. Thus, we affirm that portion of the trial court’s holding.
 

 PENALTIES AND FINES
 

 In pertinent part, LSA-R.S. 42:11 C provides: “If a person who brings an enforcement proceeding prevails, he shall be awarded reasonable attorney fees and other costs of litigation.” The plaintiffs here have prevailed in part on the enforcement of the open meetings law, therefore, we find no error in the trial court’s award of costs and attorney fees.
 

 | nHowever, the award of penalties as to the individual commissioners is controlled by LSA-R.S. 42:13, not LSA-R.S.
 
 *347
 
 42:11, and the requirements of the two statutes are different. Louisiana Revised Statutes 42:18 provides that:
 

 Any member of a public body who knowingly and wilfully participates in a meeting conducted in violation of R.S. 42:4.1 through R.S. 42:8, shall be subject to a civil penalty not to exceed one hundred dollars per violation. The member shall be personally liable for the payment of such penalty. A suit to collect such penalty must be instituted within sixty days of the violation.
 

 Thus, the commissioners must not only violate the open meetings laws to be fined, they must have done it “knowingly and wilfully.”
 

 Before the second vote for an executive session, some of the commissioners clarified with their counsel, Mr. Hallack and Mr. Terry Irby, that the intention to go into executive session to discuss the Bour-get’s litigation had been duly noticed and reiterated that the commission was going into executive session to discuss legal matters of a sensitive nature. In response to a concern by the chairman, Mr. Roberts, that the commission could not discuss matters before the court, Mr. Hallack disagreed and noted that in his previous comments he told the commission that it had to demonstrate for the record that a public discussion would be detrimental to the litigation. Another commissioner, Ms. Vanessa Hudson, specifically noted that the executive session was in the agenda, it had been posted, the commission had heard reasons why it should and should not go into executive session, and the chairman had determined that an executive session was necessary. For those reasons, she believed that the commission should go into executive session to discuss the legal matters. Between her statement and the eventual second vote for an executive session, neither of the commission’s attorneys objected or opined that the commission had failed to provide a sufficient reason under the statutes to convene the executive session. Similarly, neither the plaintiffs nor their attorneys objected at that time or noted that a detrimental effect had not been sufficiently declared.
 

 At trial, none of the witnesses, including the witnesses specifically called on the issue of the preliminary injunction, testified that the individual members linknowingly and willfully called an executive session to preclude a public discussion without valid and lawful reasons, or that they knew the reasons they cited, during the meeting and at trial, were insufficient or in violation of law. When asked at trial what was discussed during the executive session, Mr. Roberts testified that the commissioners talked about the Bourget’s case and attorney billing, items posted in the notice. Mr. Roberts also testified that only after returning to the public meeting did the commission review a document previously prepared by Mr. Irby, which served as a basis for the motion reversing the prior commission rulings on Bourget’s. Further, the final vote, taken to change the commission’s position on Bourget’s, was taken during the open meeting, not the executive session.
 
 [5]
 

 The record does provide, however, a reasonable belief by the commissioners, albeit an erroneous one, that a discussion in a noticed executive session of “sensitive” legal matters and strategy concerning the pending litigation demonstrated a detrimental effect sufficient to justify an executive session. In the absence of any evi
 
 *348
 
 dence establishing a knowing and willful violation by the commission members, we find that the trial court erred in ordering the individual defendants to pay civil fines. Therefore, the portion of the judgment awarding individual civil fines assessed against the individual defendants is reversed.
 

 Finally, we note that the trial court lacked jurisdiction over the commissioners who were not before the court as named defendants, and the trial court clearly erred in fining those commissioners. Therefore, we vacate that portion of the judgment assessing a civil penalty against those unnamed commissioners.
 
 See
 
 LSA-C.C.P. art. 2164.
 

 CONCLUSION
 

 For these reasons, we reverse that portion of the judgment awarding civil penalties against the individual defendants, and we vacate that portion of the judgment assessing civil penalties against those commissioners who were not |, [before the court as named defendants. In all other respects, the judgment is affirmed. We assess one-half of the appeal costs to defendant, Louisiana Recreational and Used Motor Vehicle Commission, and one-half to plaintiffs, Phillip Courvelle and the Louisiana Recreational Vehicle Association, Inc.
 

 AFFIRMED IN PART, REVERSED IN PART, AND VACATED IN PART.
 

 [1]
 

 .In the initial petition, the association plaintiff was incorrectly named as the Louisiana Recreational Vehicle Dealers Association. By a subsequent amended petition, the name was changed to Louisiana Recreational Vehicle Association, Inc. The other plaintiff, Phillip Courvelle, was a recreational vehicle dealer and member of the Louisiana Recreational and Used Motor Vehicle Commission, one of the defendants.
 

 [2]
 

 . For purposes of this appeal, the commission and the members who appealed, are referred to collectively as the commission.
 

 [3]
 

 . According to the parties to this appeal, at least one case between Bourget’s and the commission was pending on a writ or writs to the Louisiana Supreme Court at the time of the February meeting.
 

 [4]
 

 .
 
 See Bourget’s of the South, L.L.C. v. Louisiana State Recreational and Used Motor Vehicle Commission,
 
 2006-2467 (La.App. 1 Cir. 11/21/07), 968 So.2d 356 (unpublished).
 

 [5]
 

 . "[N]o final or binding action,” such as a final vote, "shall be taken during an executive session.” LSA-R.S. 42:6