GASKINS, J.,
dissenting.
_jjl respectfully dissent -from the majority’s opinion. The defendants contend that the plaintiffs notice of appeal, filed April 11, 2008, did not allege sufficient facts to give notice of an OML violation. Instead the defendants contend that the plaintiff first made an allegation pertaining to the vote to go into executive session in his motion for summary judgment, filed on September 1, 2009, more than 17 months after the Board’s March 200812meeting, by which time the claim was barred pursuant to La. R.S. 42:9, which requires the filing of a suit to void within 60 days of the Board’s action. On the other hand, the plaintiff argues that his general allegations in the notice of appeal were adequate to raise a claim of violation of the OML.
Review of Greemon’s notice of appeal to the district court demonstrates that he failed to properly allege an OML violation. He asserted two possible violations involving Title 33. One alleged a failure to record all interrogation of any fire employee in full; see La. R.S. 33:2181(B)(4), which pertains to fire employees’ rights.[1] The other referenced the requirement that meetings of municipal fire and police civil service boards be open to the public. In asserting that an executive session was held in violation of La. R.S. 33:2476 of the Fire and Police Civil Service Law, Greem-on did not allege a violation of the OML, which specifically allows such sessions. La. R.S. 42:6 and 42:6.1. He also made reference to the possible participation of nonmembers in the executive session. However, no provision of the OML disallows such participation. Finally, he makes a conclusory assertion that there are “other violations of his rights evident from the record.”
Based on the above, I agree with the defendants that Greemon failed to allege any violation of the OML or any facts, which if taken as true, would have established an OML violation in his notice of appeal from the Board’s decision. In view of the fact that the notice of appeal was the only suit filed by Greemon in the 60 days after the meeting and it failed to set forth ^anything that could be construed as raising an OML violation, I cannot find that he timely filed suit to void the Board’s action. Pursuant to La. R.S. 42:9, I would find that his right to do so was perempted long before he filed his motion for summary judgment — in which he did assert OML violations — more than 17 months later.
Additionally, Greemon was present at the Board meeting with his counsel. They made no objection to the manner in which the Board went into executive session. Had such an objection been made contemporaneously, any technical violation of the OML could have been resolved immediately.
In Daigre v. Terrebonne Association for Retarded Citizens, 543 So.2d 1108 (La.App. 1st Cir.1989), writ denied, 548 So.2d 333 (La.1989), the plaintiff sued to void the action of a board terminating him from his position as being in violation of the OML. There were technical violations of the OML, including the failure to record and enter into the minutes the members’ vote on the question of going into an executive session and the reason for holding it. The district court dismissed the plaintiffs suit, finding that the “very technical violations” cited by the plaintiff were “insignificant in view of the fact that the letter of the law is to protect individuals from matters that *419 are not within their knowledge and to give them adequate notice and time to do something about it.” The district court noted that the plaintiff and his attorney were present at the meeting. Agreeing with the district court’s reasons for judgment, the appellate court affirmed, likewise finding that the technical violations cited by the plaintiff did not offer him any grounds for relief under the facts presented. As to the plaintiffs argument that no | ¿showing of prejudice was required and that the OML must be liberally construed to protect the public’s right to observe deliberations of public bodies, the court stated that this argument was “an attempt to bootstrap the noble ideals of the Open Meetings Law ... to plaintiffs own natural desire to minimize his loss after he was terminated from employment by defendant.”
See and compare Courvelle v. Louisiana Recreational and Used Motor Vehicle Commission, 2008-0952 (La.App. 1st Cir.6/19/09), 21 So.3d 340, wherein the appellate court found no prejudice to the plaintiffs when a vote to go into executive session was merely recorded as unanimous on a voice vote. In that case, the court also relied upon the participation of the plaintiffs at the meeting and their failure to object to the manner in which the vote was carried out.
Based on the above, I would reverse, finding that the district court erred in declaring the Board’s actions void due to an OML violation.

. This allegation is omitted from the majority's recitation of paragraph 16 of Greemon's notice of appeal.